J-S42021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSICA AMBER FROEHLICH | : | No. 606 WDA 2022 |

Appeal from the Suppression Order Entered April 22, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002135-2021

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

CONCURRING STATEMENT BY COLINS, J.:   **FILED: December 21, 2023**

I feel compelled to write separately to distinguish that I am joining the majority memorandum because I believe our Supreme Court's decision in ***Commonwealth v. Hicks***, 208 A.3d 916 (Pa. 2019), and this Court's decision in ***Commonwealth v. Malloy***, 257 A.3d 142 (Pa. Super. 2021), compel the result reached in this case. At the same time, I note that the issue of police officer safety that the dissenting memorandum addresses at length makes me question the internal logic of ***Malloy***'s holding that prevents officers from conducting firearms authorization searches incidental to lawful traffic stops when they are already in possession of the firearms in question. Without ***Malloy***, this Court could arguably distinguish ***Hicks*** in this case, but I disagree

---

[*] Retired Senior Judge assigned to the Superior Court.

with the dissent that **_Malloy_** can be distinguished.  For these reasons, I think this case would warrant _en banc_ review.